# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MELANIE BRINER, ET AL.,** | ) | Case No. 1:07CV129 |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | <u>**MEMORANDUM OPINION**</u> |
| **THE CITY OF ONTARIO, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiffs, Melanie and Thomas Briner and F & W Towing, Inc., filed the present action against defendants[1] raising claims under 42 U.S.C. § 1983, various federal constitutional amendments, and Ohio common law, and alleging retaliatory conduct, malicious prosecution, conspiracy, deprivation of due process, intentional infliction of emotional distress, invasion of privacy, tortuous interference with contracts and defamation. In their Amended Complaint, plaintiffs also allege that the City is liable for its failure to adequately train, supervise and discipline the individual defendants. (Docket No. 42, Am. Compl. ¶ 66.)

Pursuant to Fed. R. Civ. P. 56(c), defendants City, Officers Hill and Snavely, Sergeant Bevier, Strickler, and Au (collectively referred to as "Ontario defendants") have filed a motion for partial summary judgment on plaintiffs' malicious prosecution claim.

---

[1] In their Amended Complaint, filed August 30, 2007, plaintiffs identified the following entities and individuals as defendants: City of Ontario (City); Timothy McClaran (McClaran), former Chief of Police for the City of Ontario; Officer Tommy Hill (Officer Hill); Officer Riley Snavely (Officer Snavely); Sergeant Bevier; Dallas Strickler, City Zoning Inspector; and Charles Au, City Service Safety Director.

(Docket No. 16.) McClaran filed a separate summary judgment motion on the same claim. (Docket No. 18.) Plaintiffs oppose the motions (Docket No. 25), and Ontario defendants and McClaran have filed separate replies.[2] (Docket Nos. 32 and 34, respectively.)

For the reasons that follow, the motions of Ontario defendants and McClaran for partial summary judgment on plaintiffs' malicious prosecution claim are **DENIED** without prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND[3]**

Plaintiffs Melanine and Thomas Briner are the sole owners of plaintiff F & W Towing, Inc., a corporation that provides vehicle towing services. (Am. Compl. ¶¶ 2, 10, 12.) In connection with their business, plaintiffs hired Larry Paone (Paone) to operate one of the company's tow trucks. (Am. Compl. ¶ 16.) During his employment, plaintiffs maintain that Paone expressed a desire to purchase two of plaintiffs' tow trucks. (Am. Compl. ¶ 17.) It is plaintiffs' position that they ultimately agreed to trade Paone the two vehicles for a 1993 GMC truck, which, as it turns out, actually belonged to Paone's father. According to plaintiffs, Melanine and Thomas Briner took possession of the GMC truck after they transferred title of the two tow trucks to Paone.[4] (Am. Compl. ¶ 17.)

In December of 2004, Paone was discharged from the employ of F & W Towing, Inc. (Am. Compl. ¶ 18.) Following his discharge, Paone and his father entered the company's property and recovered the truck. (Am. Compl. ¶ 25.) Plaintiffs maintain that, prior to

---

[2] In addition, plaintiffs have filed motions to strike portions of defendants' reply briefs, and to supplement the record. (Docket Nos. 45 and 46, respectively.)

[3] The review of the facts will be limited to those necessary to properly frame defendants' motions for partial summary judgment. It should be noted that any review of the facts at this time is hindered because discovery has not been completed and the facts are not yet well defined. As a result, the Court must rely, in part, upon the uncontested allegations in the Amended Complaint.

[4] In their Amended Complaint, plaintiffs allege that Paone told them that he could not find the title to the truck and that he would forward it to them when he located it. (Am. Compl. ¶ 17.)

trespassing on their property, Paone advised McClaran, then Chief of Police, that he was planning to recover the GMC truck. According to plaintiffs, McClaran approved the action. (Am. Compl. ¶¶ 23-25.)

Plaintiffs subsequently reported to the Ontario police that the GMC truck had been stolen. (Am. Comp. ¶ 26.) Plaintiffs allege that the Ontario defendants, under the direction of then Chief McClaran, failed to investigate the theft complaint in good faith. (Am. Compl. ¶¶ 27-35.)

In response to perceived deficiencies in the Ontario police department, and in particular then Chief McClaran's leadership, Melanine and Thomas Briner circulated petitions to get a proposal for a Citizen's Police Review Board on the ballot for the next election. Plaintiff F & W Towing also filed a civil action against Paone and his father to recover damages for the theft of the GMC truck. (Am. Compl. ¶¶ 41-42.)

On May 3, 2006, the Municipal Court of Mansfield, Ohio entered judgment in favor of F & W Towing. (Docket No. 46-2.)[5] In its judgment entry, the Municipal Court specifically determined that neither Paone nor his father had the legal right to retake possession of the GMC truck. *Id*. at ¶ 17. As for the Briners' organizational drive, the Ontario Police Review Board Initiative received enough support to appear on the November Ballot. (Am. Compl. ¶ 45.)

In August, 2005, Officer Hill prepared a criminal complaint charging Melanine Briner with tampering with records, falsification, and complicity to commit falsification. Plaintiffs maintain that these charges were filed without probable cause and in retaliation for the Briners' First Amendment activity and the filing of the civil action. (Am.

---

[5] Plaintiffs offer the Municipal Court's Judgment Entry as an attachment to their Motion to Supplement the Record. (Docket No. 46.) The Court hereby **GRANTS** the motion to supplement, and incorporates Attachment 1 to the motion as part of the record.

3

Compl. ¶¶ 44, 46-48.)

At trial on the criminal charges, the trial court denied Ms. Briner's motion under Ohio R. Crim. P. 29 for judgment of acquittal. (Docket No. 16, Ex. 1, Partial TR at 19.) The ruling was delivered from the bench, and was recorded in a written transcript of the proceedings.[6] *Id.* It is undisputed that, after the completion of the City's case, the trial court dismissed the charges against Ms. Briner.[7] (Am. Compl. ¶ 50.)

Plaintiffs filed the present action against Ontario defendants and McClaran on January 17, 2007. (Docket No. 1.) In their Amended Complaint, plaintiffs allege that defendants took retaliatory action against them, unlawfully restricted Ms. Briner's First Amendment rights, and engaged in a conspiracy to violate plaintiffs' constitutional rights, all in violation of 42 U.S.C. § 1983. (Am. Compl. ¶¶ 62, 65, 68-70.) Plaintiffs also raise a "federal defamation" claim, under the Fifth and Fourteenth Amendments, and a claim under the Equal Protection Clause of the Fourteenth Amendment. (Am. Compl. ¶ 67, 72-74.) At issue in the pending dispositive motions is plaintiffs' claim that defendants maliciously prosecuted Melanine Briner, in violation of 42 U.S.C. § 1983. (Am. Compl. ¶ 63.)

On May 21, 2007, Ontario defendants filed a motion for partial summary judgment on the effect of the ruling of the Mansfield Muncipal Court denying Melanine Briner's motion for judgment of acquittal under Ohio R. Crim. P. 29 on plaintiffs' malicious prosecution claim. (Docket No. 16.) McClaran filed a similar motion on May 25, 2007. (Docket No. 18.) In their motions, defendants argue that the Municipal Court's ruling on the Rule 29 motion

---

[6] Attached to the reply brief of the Ontario defendants is a "Judgment Entry Nunc Pro Tunc," dated July 30, 2007, issued by the Mansfield Muncipal Court, journalizing the ruling from the bench on the Rule 29 motion. (Docket No. 34-2.) Inasmuch as the Judgment Entry is not relevant to the Court's decision on the dispositive motions, the Court makes no ruling on the propriety of this document, filed more than one year after the dismissal of Melanine Briner's criminal case.

[7] Since it appears that Ms. Briner's Ohio R. Crim. P. 29 motion for judgment of acquittal was denied, it is unclear as to why, after the completion of the City's case, the trial court dismissed the charges against her.

precludes plaintiffs' malicious prosecution claim.

## II.

### **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c)[8] governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Rule 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . .The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions

---

[8] Plaintiffs have taken issue with defendants' reliance on Fed. R. Civ. P. 56(c) as the basis for their summary judgment motions. In their motion styled "Motion to Strike Portions of Defendants' Replies to Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment based on Ohio Rule 29," plaintiffs note that McClaran insisted "for the first time [in his reply brief] that his motion was brought under F.R.Civ.P. 56 […]." (Docket No. 45 at 2.) The Court is unaware of any rule other than Fed. R. Civ. P. 56 that governs summary judgment motions. Of course, even if defendants had proceeded under Fed. R. Civ. P. 12(b)(6), the Court could have converted the motions to ones brought under Rule 56(c) because they were supported by materials outside the pleadings. *See Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). In light of the fact that defendants' motions were clearly brought under Rule 56(c), the portion of plaintiffs' motion to strike defendant McClaran's references to Rule 56(c) is **DENIED**.

on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), *citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988).  The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

Applying the above principles to the present case, it is clear that Fed. R. Civ. P. 56(c) assigns the initial burden of proof to defendants.  If the Court finds that defendants

6

have satisfied this burden, however, plaintiffs will be obligated to "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky DOT*, 53 F.3d 146, 149 (6th Cir. 1995). Plaintiffs will not be permitted to rest upon the allegations in their Amended Complaint. Rather, they will have to come forward with affirmative evidence in support of each and every element of their malicious prosecution claim. *Id*. at 150. If plaintiffs are unable to offer affirmative evidence which controverts defendants' motions or their assertions of fact, evidence submitted by defendants will be taken as true and defendants shall be entitled to summary judgment on that claim. *See Kemper v. American Broadcasting Cos.*, 365 F. Supp. 1275, 1277 (S.D. Ohio 1973).

### III.

### LAW AND ANALYSIS

Defendants' dispositive motions focus on the narrow issue of whether the denial of Melanine Briner's Ohio R. Crim. P. 29 motion in her criminal trial serves as a bar to plaintiffs' malicious prosecution claim. Resolution of this question requires a review of the elements of the claim of malicious prosecution, as well as the record evidence offered in support of it.

Though brought under 42 U.S.C. § 1983, the foundation for plaintiff's federal malicious prosecution claim is Ohio common law. In order to prevail on the Ohio tort of malicious prosecution, a plaintiff must prove the following elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Criss v. Springfield Township*, 56 Ohio St. 3d 82, 84 (1990). *See Robb v. Chagrin Lagoons Yacht Club,* 75 Ohio St. 3d 264, 269-70 (1996).

The malice element turns on a defendant's state of mind. For purposes of

malicious prosecution, the term "malice" refers to "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." *Criss*, 56 Ohio St. 3d at 85. The key to determining whether a prosecution was initiated or continued for an improper purpose lies in the basis for the decision to prosecute. As such, "malice may be inferred from the absence of probable cause," and thus, "the absence of probable cause is the gist of an action for malicious prosecution." *Melanowski v. Judy,* 102 Ohio St. 153, para. one syllabus (1921).

A "determination with respect to the absence of probable cause depends on an examination of what facts and circumstances were actually known to or reasonably within the contemplation of the defendant at the time of the instigation of criminal proceedings." *McFinley v. Bethesda Oak Hosp.*, 79 Ohio App. 3d 613, 616-17 (1992). A defendant institutes a criminal prosecution without probable cause if he does not have a "reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Ash v. Marlow,* 20 Ohio 119, para. one syllabus (1851). *See Rogers v. Barbera,* 170 Ohio St. 241, 246 (1960); *Schweller v. Schweller*, 1997 Ohio App. LEXIS 5784, *8 (Ohio Ct. App., Hamilton County Dec. 26, 1997).

Because of the fact intensive nature of the inquiry, the question of the existence of probable cause is ordinarily one reserved for the jury. *Dillon v. Waller*, 1995 Ohio App. LEXIS 5860, *12-13 (Ohio Ct. App., Franklin County Dec. 26, 1995); *Portis v. TransOhio Savings Bank*, 46 Ohio App. 3d 69, 70 (Ohio Ct. App., Summit County 1988). The trial court may, however, determine the issue of probable cause as a matter of law on a record that allows for only one reasonable conclusion. *McFinley,* 79 Ohio App. at 616-17; *Portis*, 46 Ohio App. 3d at 70. Still, when the issue of probable cause depends on a determination of whether the trial

court believes the plaintiff or the defendant, summary disposition of a malicious prosecution claim is inappropriate. *Schweller*, 1997 Ohio App. LEXIS 5784 at * 10.

In support of summary judgment, defendants offer the fact that, following the prosecutor's presentation of the evidence in the criminal case, the Mansfield Municipal Court denied Ms. Briner's motion for acquittal under Ohio R. Crim. P. 29. Specifically, that rule provides, in pertinent part:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

Ohio R. Crim. P. 29(a).

Defendants argue that the criminal court's ruling established, as a matter of law, that there was probable cause for the prosecution, and that, therefore, plaintiffs' malicious prosecution claim fails, as a matter of law. Indeed, defendants rest their argument for summary dismissal solely on the municipal court's ruling on the Rule 29 motion.

It is true that the denial of the Rule 29 motion for acquittal is evidence that there was probable cause for Melanine Briner's arrest. *See Dowers v. Krause*, 2004 Ohio App. LEXIS 1325, *7 (Ohio Ct. App., Hamilton County Mar. 26, 2004); *Lorenzo v. City of Akron*, 2002 Ohio App. LEXIS 7162, *7 (Ohio Ct. App., Summit County Dec. 31, 2002). It is not, as defendants would suggest, conclusive on the subject. *Schweller*, 1997 Ohio App. LEXIS 5784 at *10 ("The fact that a trial court overruled an Ohio R. Crim. P. 29 motion is not in and of itself determinative of the issue of probable cause in a malicious prosecution action […].") In *Schweller*, the court ruled that the trial court erred in granting the defendant summary judgment on the plaintiff's malicious prosecution claim, despite the fact that the criminal court had

9

overruled the plaintiff's Rule 29 motion, because there were genuine issues of material fact surrounding the question of probable cause. *Id.* at *10-11. In *Agra v. Blue Cross & Blue Shield of Northern Ohio*, 1991 WL 95057 (Ohio Ct. App., Cuyahoga County May 30, 1991), the court noted that the denial of the Rule 29 motion was just one of several pieces of evidence that supported the jury verdict in favor of defendant on plaintiff's malicious prosecution claim.[9] Consequently, it is important to examine the evidence offered by plaintiffs.

Before the Court can review plaintiffs' proof, however, it is necessary to address plaintiffs' argument that the municipal court's ruling on the motion for acquittal cannot support a finding of probable cause because it was not "journalized," as required by Ohio R. Civ. P. 58. Plaintiffs misunderstand both the scope and the purpose of Rule 58, which requires all final judgments to be "entered by the clerk upon the journal" before they are effective. Ohio R. Civ. P. 58(A). The criminal court's ruling on Melanine Briner's motion for acquittal was not a final judgment from which an appeal could be taken. Indeed, two of the cases cited by plaintiffs dealt with the question of when a civil judgment is "final" for purposes of appeals. *See William Cherry Trust v. Hofmann*, 22 Ohio App. 3d 100, 101 (Ohio Ct. App., Lucas County 1985) (ruling on motion to correct and clarify the record was not a "final and appealable judgment" from which an appeal could be taken); *Cale Products, Inc. v. Orrville Bronze & Aluminum Co.*, 8 Ohio App. 3d 375, 378-79 (Ohio Ct. App., Wayne County 1982) (because no appeal was perfected from the trial court's final judgment, the appellate court was without jurisdiction to

---

[9] Even in *Lorenzo*, a case heavily relied upon by defendants, the court affirmed the trial court's grant of summary to defendants on the plaintiff's malicious prosecution claim only after noting that the plaintiff "failed to present evidence creating a genuine factual dispute […]." *Lorenzo*, 2002 Ohio App. LEXIS 7162 at *7. Of course, if the denial of the Rule 29 motion was dispositive of the issue, it would have been unnecessary to review plaintiff's evidence.

consider the appeal from an improperly entered amended judgment).[10]

The Court now turns its attention to plaintiffs' opposition to partial summary judgment. Inasmuch as the denial of Melanine Briner's motion constitutes some evidence of the existence of probable cause, plaintiffs must come forward with some proof of malice or bad faith by defendants in pursuing criminal charges against Ms. Briner to stave off summary judgment. *See Schweller*, 1997 Ohio App. LEXIS 5784 at *10. Of course, the fact that the criminal trial resulted in an acquittal is, alone, "insufficient to sustain a finding of lack of probable cause […]." *Dillion*, 1995 Ohio App. LEXIS 5860 at *13, *citing Vesey v. Connally*, 112 Ohio App. 225 (Ohio Ct. App., Lucas County 1960).

Nor can plaintiffs confine their response to the allegations in the Amended Complaint. In their opposition to defendants' summary judgment motions, plaintiffs note that their pleadings are "replete with evidence that the Defendants acted with malice, in bad faith, wantonly, recklessly and out of ill will, intending to do Plaintiff Melanie Briner harm and recognizing that their conduct would likely result in injury." (Docket No. 25 at 2-3.) Plaintiffs may not, however, rest upon the allegations in the Amended Complaint in defense of summary judgment, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox*, 53 F.3d at 149.

The only evidence plaintiffs offer in opposition to summary judgment is the judgment issued by the Magistrate of the Mansfield Municipal Court in plaintiff F & W

---

[10] The third case, a criminal matter, dealt with a speedy trial statute. In that case, the court ruled that journal entries in a docketing system did not constitute a final judgment for speedy trial considerations. *City of Cleveland v. Jovanovic*, 153 Ohio App. 3d 37, 40-41 (Ohio Ct. App., Cuyahoga County 2003) (finding that a written judgment was entered within 90 days of arrest, as required by Ohio Rev. Code § 2945.71(B)(2)).

Towing's civil action against Larry Paone and his father.[11] (Docket No. 46-3). As previously discussed, the Magistrate entered a specific finding of fact that neither Larry Paone nor his father had the legal right to retake possession of the GMC truck. *Id*. While this finding represents some evidence that the charges against Melanine Briner were unfounded, it does not demonstrate that defendants acted with malice or in bad faith.

Nonetheless, the Court is mindful that very little discovery has been completed to date. In particular, plaintiffs have not had the opportunity to depose the individual defendants, or anyone else who may be able to speak to the issue of probable cause.[12] As such, the Court finds that dismissing the malicious prosecution claim at this juncture would be inappropriate. Defendants are granted leave to renew their motions for summary judgment on this claim at the close of discovery.

## IV.

## CONCLUSION

For all of the foregoing reasons, defendants' motions for partial summary judgment (Docket Nos. 16 and 18) are **DENIED** without prejudice. Plaintiffs' motion to strike (Docket No. 45) is **DENIED** in its entirety, and plaintiffs' motion to supplement the record

---

[11] Plaintiffs did attempt to offer an affidavit from Melanine Briner, which was attached to their "Response to Defendant Timothy McClaran's Reply in Support of Motion for Partial Summary Judgment on Malicious Prosecution Claims." (Docket No. 35.) This filing, which was offered without leave, was stricken from the record. (Docket No. 36.) Even if plaintiffs had been permitted to offer the attached affidavit, it would not have been appropriate for use in defending summary judgment. The affidavit was merely a reiteration of the allegations in the Amended Complaint. The affidavit contained Ms. Briner's suspicions and beliefs that defendants acted with malice in bringing charges against her, none of which were based on personal knowledge. Federal Rule of Civil Procedure 56(e) requires that supporting affidavits "shall be made on personal knowledge," and "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein." Fed. R. Civ. P. 56(e).  *See Briggs v. Potter*, 463 F.3d 507, 512 (6th Cir. 2006).

[12] While plaintiffs do not move under Fed. R. Civ. P. 56(f) for a continuance for the purpose of conducting discovery on the issue of probable cause, it is clear from the state of the record that plaintiffs would be unable to "present by affidavit facts essential to justify the party's opposition […]." Fed. R. Civ. P. 56(f). Where such is the case, the court may "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." *Id.*

(Docket No. 46) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 28, 2007                                         *s/ Sara Lioi*
                                                                                         Hon. Sara Lioi
                                                                                         United States District Judge