**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MELANIE BRINER, et al., ) | CASE NO. 1:07CV129 |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | |
| THE CITY OF ONTARIO, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| DEFENDANTS. ) | |
| ) | |

Before the Court is plaintiffs' motion to preserve final pretrial and trial dates (Doc. No. 186), defendants' response (Doc. No. 192), and plaintiffs' reply (Doc. No. 193).[1] For the reasons discussed briefly herein, the motion is **DENIED**.

On April 16, 2008 and May 2, 2008, the Court granted summary judgment in favor of all defendants and closed the case. Plaintiffs timely filed a notice of appeal. On March 26, 2010, in a lengthy opinion the court of appeals affirmed in part and reversed in part and remanded for additional proceedings consistent with its opinion. The court of appeals indicated that, on remand, the defendants were free to raise a qualified immunity argument.

On remand, this Court conducted a telephone conference and issued an amended case management plan and trial order. (Doc. No. 142.) In view of the Sixth Circuit's opinion which revived the question of qualified immunity, defendants were permitted to file dispositive motions based solely on that issue. Once such motions were filed and fully briefed, the Court

---

[1] Plaintiffs' reply is improperly styled as "Memorandum in Support of Motion."

issued its ruling (Doc. No. 185)[2] wherein it concluded, *inter alia*, that there were factual disputes which precluded summary judgment on the issue of qualified immunity with respect to defendants Hill and McClaran.

Plaintiffs properly cite to cases which note that appeals on the question of qualified immunity are limited solely to those which turn on issues of law, not fact. *See, e.g., Behrens v. Peltier*, 516 U.S. 299, 306 (1996); *Johnson v. Jones*, 515 U.S. 304 (1995). Plaintiffs, however, ask this Court to declare that an immediate appeal by the defendants on the issue of qualified immunity would be "frivolous" and they rely on several cases, including *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991), as authority for finding that qualified immunity appeals "can be employed for the sole purpose of delaying trial." *Id*. at 448. The court in *Yates* did indeed make that statement, however it ultimately declined to find that the qualified immunity issue had been waived because the district court itself had made no findings of frivolousness or waiver.[3]

Here, the court of appeals itself reopened the question of qualified immunity and, in effect, authorized the filing of a dispositive motion on the issue following remand. Even though an appeal, would have the effect of delaying the trial, this Court cannot conclude that such an appeal would necessarily be frivolous.[4] Furthermore, the court of appeals is quite capable of policing its own docket and rejecting premature appeals. This is especially true where,

---

[2] The ruling simultaneously addressed motions in this case and a related case, No. 1:09cv1121, *Briner, et al. v. Thomas, et al.*

[3] Plaintiffs also attach a marginal order in Case No. 3:07cv1258, *Kies v. City of Lima*, where another branch of this Court, without any analysis, granted a motion to preserve final pretrial and trial dates. The mere fact that such an order was issued does not assist this Court in determining whether a similar order would be appropriate in the instant case.

[4] The Court notes that Defendant Hill has filed a Notice of Appeal from the October 7, 2010 Memorandum Opinion. (*See* Doc. No. 194.) A review of the docket of the court of appeals shows that it has been assigned Case No. 10-4426. The City of Ontario and Hill have also jointly filed in this Court a motion for reconsideration with respect to plaintiffs' fourth amendment malicious prosecution claim. (*See* Doc. No. 195.)

as here, plaintiffs have indicated that, should an appeal be filed (as has occurred), they will immediately file a motion to dismiss the appeal and to be given expedited treatment before the court of appeals.

This Court is of the view that the question of qualified immunity for defendants Hill and McClaran cannot be resolved because of genuine factual issues for a jury to decide and it has so held in its earlier opinion. In light of the clear holding of *Johnson v. Jones*, 515 U.S. at 319-20 ("a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial")it would seem that an appeal at this juncture would be premature. However, the Court will not declare that there is no possible ground for appeal and, therefore, that the pending appeal is frivolous. That is for the court of appeals to decide.

Accordingly, plaintiffs' motion (Doc. No. 186) is **DENIED**.[5]

**IT IS SO ORDERED**.

Dated: November 15, 2010

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**

---

[5] Given that this Memorandum Opinion and Order was already in draft at the time plaintiffs filed their recent motion for a rapid decision (Doc. No. 196), that motion is denied as moot.