# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MELANIE BRINER, et al., | CASE NO. 1:07CV129 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | |
| THE CITY OF ONTARIO, et al., | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | |

Before the Court is defendants' renewed motion for reconsideration of summary judgment as to plaintiff Melanie Briner's fourth amendment malicious prosecution claim. (Doc. No. 208.) Plaintiffs have filed a response opposing the motion. (Doc. No. 211.) For the reasons discussed below, upon reconsideration and in light of recent controlling Sixth Circuit precedent, the motion is **GRANTED** and summary judgment on Count Two, the § 1983 malicious prosecution claim, is granted in favor of the defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case has a lengthy background only some of which is relevant to the instant motion and decision.

Plaintiffs, Tom and Melanie Briner, filed a complaint on January 17, 2007 against the City of Ontario, Ohio and certain of its officials. (Doc. No. 1.) The complaint was amended on August 30, 2007 (Doc. No. 42) and it is this amended complaint that is currently controlling.

On May 2, 2008, this Court granted summary judgment on all of plaintiffs' claims in favor of the defendants and denied plaintiffs' motion for summary judgment. (Doc. Nos. 134, 135.) Plaintiffs appealed. The Sixth Circuit Court of Appeals affirmed the denial of summary judgment for the plaintiffs, but reversed in part the grant of summary judgment in favor of the defendants. (*See* Doc. Nos. 138, 139.)

The Court of Appeals also re-opened the door to motions for summary judgment on the question of qualified immunity. On June 1, 2010, defendants Tommy Hill and Dallas Strickler filed their motion (Doc. No. 147) and defendant Timothy McClaran filed a separate motion (Doc. No. 148). On October 7, 2010, this Court granted in part the motion of Hill and Strickler, dismissing several claims as to Hill and granting Strickler qualified immunity for the equal protection claim and the first amendment retaliation claim. McClaran's motion was denied. The Court determined that factual disputes precluded a decision as to the availability of qualified immunity for Hill and McClaran. (Doc. No. 185.)

Defendant Hill filed an appeal with respect to the denial of qualified immunity. The Sixth Circuit dismissed that appeal on plaintiffs' motion, relying on *Johnson v. Jones*, 515 U.S. 304 (1995). (Doc. No. 209.)

Thereafter, defendants filed the instant motion.

## II. DISCUSSION

In the amended complaint, the Briners raised several claims for relief. Only the second claim, a federal claim for malicious prosecution, is at issue in the instant motion. In that claim, the Briners alleged that "[t]he Defendants caused Plaintiff Melanie Briner to be prosecuted without probable cause, in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983." (Doc. No. 42, ¶ 63.) The factual underpinnings for this

2

claim are set forth in ¶¶ 40-50 of the amended complaint and specifically in the following paragraphs:

> 45. In late August 2005, it was announced that the Ontario Police Review Board Initiative had gathered sufficient signatures, and would appear on the ballot in November. Mr. and Mrs. Briner were open and public supporters of that effort.
>
> 46. Just days after the Briners' election initiative petitions were certified, the Defendants retaliated again by beginning a malicious prosecution of Melanie Briner. Mrs. Briner had not committed any crimes, but the Defendants wished to hurt and discredit the Plaintiffs, and to punish the Plaintiffs for lawfully expressing views and opinions which were contrary to those of the Ontario Police Department.
>
> 47. Defendant Officer Hill prepared and signed criminal complaint forms accusing Mrs. Briner of three separate misdemeanor offenses: "tampering with records","falsification" and "complicity to commit falsification". These charges were filed with the explicit knowledge and approval of Chief McClaran. Each accusation was false and brought without probable cause.
>
> 48. Although these charges were brought in August, 2005, they did not relate to any recent occurrences, or newly discovered matters. Defendant Hill alleged that Mrs. Briner committed three separate criminal offenses in the course of her crime victim's complaint against Larry Paone, which had occurred back in January and March of 2005. That case had been closed for six months, and no new information or evidence had arisen. No explanation was ever given as to why, if Melanie Briner had committed a crime in January, the Ontario police filed no charges for so long, and then suddenly reopened the case and accused Melanie Briner of crimes eight months later.
>
> 49. These accusations of crime hung over Mrs. Briner's head for most of a year. Although Defendant Hill filed complaints alleging that Melanie Briner committed the crimes of "tampering with records" and "falsification", we know very little of the specific nature of these claims. The officer had no evidence to support those claims, and the prosecutor asked permission to drop them before trial. The Mansfield Municipal Court found "that the Request to Nolle Count One and Count Two in the herein matter is well taken and the same is hereby granted."
>
> 50. Mrs. Briner refused to accept a plea bargain, and went to trial on the one remaining misdemeanor count, in which Officer Hill accused her of "complicity to commit falsification". This criminal charge relied upon the coerced "second statement" of employee Debra Hissong. The Court and jury heard testimony from Chief McClaran, from Officer Hill and from Ms. Hissong. The

3

Court granted a motion to dismiss this charge following the conclusion of the prosecution witnesses, and Melanie Briner was finally discharged from these false allegations on May 5, 2006, without ever having to present a defense.

In addressing this federal claim of malicious prosecution, the Court of Appeals stated:

> "[T]his [c]ourt has yet to resolve the elements of a federal malicious prosecution claim, [but] it is clear that a plaintiff must show, at a minimum, that there was no probable cause to justify his arrest and prosecution." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (citations, quotation marks, and editorial marks omitted). The Ohio law on malicious prosecution "requires proof of three essential elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Froehlich v. Ohio Dept. of Mental Health*, 871 N.E.2d 1159, 1162 (Ohio 2007). And, the Ohio Supreme Court has clarified:
>
> 1. In an action for malicious prosecution, the want of probable cause is the gist of the action. If such be proven, the legal inference may be drawn that the proceedings were actuated by malice.
>
> 2. In determining the want of probable cause, the defendant's conduct should be weighed in view of his situation and of the facts and circumstances which he knew or was reasonably chargeable with knowing at the time he made the criminal complaint.
>
> *Huber v. O'Neill*, 419 N.E.2d 10, 11-12 (Ohio 1981) (quoting *Melanowski v. Judy*, 131 N.E. 360, syllabus (1921)). The second provision is critical to this case.

(Doc. No. 139 at 31-32.) The Court of Appeals then concluded that it was clear the prosecution had ended in Mrs. Briner's favor, but there were genuine issues of materal fact as to whether defendants Hill and McClaran had acted with malice and whether there had been probable cause for the charges. (*Id.* at 32-35.) It affirmed the grant of summary judgment in favor of defendant Strickler because there was no evidence that he had anything to do with initiating the charges against Mrs. Briner, but it reversed the grant of summary judgment as to Hill and McClaran.

Several months after the appellate decision relating to the Briners' federal malicious prosecution claim, another appellate panel issued a decision wherein it acknowledged

4

that the Sixth Circuit, "'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction,and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir.2006)). However, the court in *Sykes* also noted that "[n]either the Supreme Court nor the Sixth Circuit has yet articulated the elements of a Fourth Amendment malicious-prosecution claim under 42 U.S.C. § 1983 with any specificity." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007); *Briner v. City of Ontario*, 370 Fed. Appx. 682, 701 (6th Cir. 2010)). The court then held:

> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute."[5] *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution, *Fox*, 489 F.3d at 237; *Voyticky*, 412 F.3d at 675. Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748-50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections . . . beyond an initial seizure," including "continued detention without probable cause"); *cf. Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [an action for malicious prosecution] permits damages for confinement imposed pursuant to legal process."). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Heck*, 512 U.S. at 484, 114 S.Ct. 2364 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").
>
> > [5] The meaning of the term "participated" should be construed within the context of tort causation principles. Its meaning is akin to "aided." To be liable for "participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating.

5

*Sykes*, 625 F.3d at 309 (footnote in original).[1]

Defendants now rely on *Sykes* as support for their assertion that summary judgment should be granted in their favor on the second claim for relief. They argue that Mrs. Briner cannot establish the third element of her claim because she was not deprived of her liberty within the meaning of the fourth amendment.

In opposition, plaintiffs assert that "*Sykes* is an invitation to mischief if there is thus no constitutional tort involved at all inasmuch as the authorities would be free to harass citizens by bringing bad faith ordinance violation [sic] or misdemeanors, forcing them to obtain attorneys, face public opprobrium and defend themselves pretrial and at trial." (Doc. No. 211, at 1-2.) Plaintiffs also argue that, even if they have no malicious prosecution claim under the fourth amendment, the claim survives under a fourteenth amendment substantive due process analysis. The Court rejects both of these arguments.

First, even if *Sykes* is "an invitation to mischief," it is still controlling precedent for this Court. Under *Sykes*, Mrs. Briner would have to show that she was deprived of her liberty, that is, detained or seized, in order to establish a fourth amendment malicious prosecution claim under § 1983. She cannot do so. She was issued a summons; she was not arrested. There was no bond required and there is nothing in the record to suggest that she had any restrictions placed on her movements prior to trial. Plaintiffs rely on language in Justice Ginsburg's concurrence in *Albright v. Oliver*, 510 U.S. 266, 277 (1994) to the effect that a person "is equally bound to appear, and is hence 'seized' for trial, when the state employs the less strong-arm means of a

---

[1] *Sykes* also clarified, contrary to *Briner*'s reasoning, both (1) that "[the Sixth] [C]ircuit has never required that a plaintiff demonstrate 'malice' in order to prevail on a Fourth Amendment claim for malicious prosecution[,]" 625 F.3d at 309, and (2) that "'*Albright* precludes reliance on state law to define a § 1983 federal cause of action' and 'reject[ed] the reasoning of courts which have relied on the state law elements of malicious prosecution.'" *Id*. (quoting *Frantz v. Village of Bradford*, 245 F.3d 869, 874-75 (6th Cir. 2001)).

summons in lieu of arrest to secure his presence in court." However, *Albright* can be distinguished because it "addressed a situation in which the plaintiff voluntarily responded to [an] [...] arrest warrant, answered the charges against him, and was then released on bond in lieu of remaining incarcerated until trial." *DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000). As in *DePiero*, where the plaintiff was issued a parking ticket and was free to leave, Mrs. Briner's summons to appear for trial on misdemeanor charges did not amount to a seizure or detention within the meaning of the fourth amendment.[2]

As to plaintiffs' argument that the malicious prosecution claim should be analyzed under the fourteenth amendment if it cannot meet the requirements for the fourth amendment, this Court is unpersuaded. The claim was pled *solely* as a fourth amendment claim. (*See* Doc. No. 42, ¶ 63.)[3] Plaintiffs never sought leave to further amend the complaint after the *Sykes* opinion issued and it is too late to do so now on the eve of trial.

Finally, plaintiffs properly point out that they still have a state law claim for malicious prosecution and a first amendment claim relating to the fact that they allege Mrs.

---

[2] In *DePiero*, when the plaintiff failed to appear for trial on his traffic ticket, a bench warrant was issued and he *was* arrested. The Sixth Circuit acknowledged that, at that point, he was "seized" in the sense of Justice Ginsburg's concurrence in *Albright*; however, the officer he had sued "had no role in issuance of the bench warrant, so plaintiff [could not] maintain a claim under § 1983 against him for such a seizure." *DePiero*, 180 F.3d at 789.

[3] Although the court of appeals has now generously allowed the plaintiffs/appellants to proceed on a First Amendment retaliation claim that had not been so pled (*see*, Doc. No. 139, at 36 -- "True, it might not have been pled that way, but it was (and is) certainly argued that way."), as already previously pointed out by this Court (*see*, Doc. No. 150, at 1, n.1), there will be no further modification of the proper application of the requirements of Fed. R. Civ. P. 8 that a complaint must set forth "a short and plain statement" of the claim with allegations that are "simple, concise, and direct." If plaintiffs wished to pursue a malicious prosecution claim under § 1983 premised on the fourteenth amendment, they should have pled the claim that way and/or sought leave to amend. They did not and the Court will not now bend proper pleading standards to allow them yet *another* claim that they never pled. Nor will the Court permit a motion for leave to amend at this late date, with the final pretrial and the trial just around the corner, especially since (1) the plaintiffs were placed on notice as of June 8, 2010 that the Court would adhere to strict pleading standards, and (2) the *Sykes* opinion issued on November 9, 2010 and should have alerted plaintiffs to a possible problem with their federal malicious prosecution claim as pled.

Briner was prosecuted in retaliation for exercising her first amendment rights, neither of which require proof of seizure or detention.

### III. CONCLUSION

For the reasons discussed above, defendants' renewed motion for reconsideration of summary judgment as to plaintiffs' fourth amendment malicious prosecution claim is **GRANTED**. Upon reconsideration, summary judgment is granted in favor of the defendants on this claim (Count Two).

**IT IS SO ORDERED**.

Dated: March 9, 2011

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**